## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNN HAAS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:15-CV-00063 |
| | : | (JUDGE MARIANI) |
| JONATHAN HAAS and | : | |
| MINNESOTA LIFE INSURANCE CO., | : | |
| | : | |
| Defendants. | : | |

### OPINION AND ORDER

The above-captioned case was removed to this federal district court from the

Lackawanna County Court of Common Pleas on January 9, 2015. The Complaint

challenges the entitlement of Defendant Jonathan Haas to the proceeds of Plaintiff's late

husband's life insurance policy. (*See generally* Compl., Doc. 1-1.) It seeks an injunction

preventing Defendant insurer Minnesota Life from releasing the proceeds of the Decedent's

policy, directing Minnesota Life to pay the proceeds of the policy into Court pending final

resolution of the matter, and enjoining Jonathan Haas from various forms of involvement in

the Decedent's estate.

On February 6, 2015, this Court held a telephone status conference upon request of

counsel. Counsel represented during the conference that settlement had been reached

between the Plaintiff and the Defendants. The Court therefore issued an Order dismissing

the case without prejudice to the right to reinstate the action if settlement were not consummated. (*See* Order for Dismissal, Feb. 6, 2015, Doc. 10, at 1.)

However, counsel also stated during the status conference that a pre-removal Order issued by the Court of Common Pleas remains in effect, and that this Order enjoins Defendant Minnesota Life Insurance from releasing the proceeds of the life insurance policy at issue in this case. The Common Pleas Court's Order is dated December 24, 2014 and enters "a Rule . . . upon Defendants to show cause why a preliminary injunction should not be entered." (Lackawanna County Court of Common Pleas Rule to Show Cause, Dec. 24, 2014, Doc. 3, at 2.) It sets a hearing date for January 20, 2015 and provides that in the meantime, "[p]ending further Order of Court, Minnesota Life is enjoined from releasing the proceeds of Decedent James Haas' life insurance policy." (*Id.*) Because the hearing was scheduled for a time after the case was removed to federal court, we assume that it never occurred. Nonetheless, the injunction against release of the proceeds remains in place.

The parties represented that, in order to fully effectuate settlement, the Order must be dissolved. But before this Court took such action unilaterally, it requested that counsel submit authority on the issue of whether the post-removal federal court can dissolve a pre-removal state court's order, or whether it is necessary to remand the matter to state court for dissolution. Plaintiff responded by submitting the case *Bryfogle v. Carvel Corp.*, 666 F. Supp. 730 (E.D. Pa. 1987). Defendants have demonstrated no opinion on the matter.

As noted in *Bryfogle*, 666 F. Supp. at 735, 28 U.S.C. § 1450 provides that in an action removed from a state court to a federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Section 1450 "recogniz[es] the district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437, 94 S. Ct. 1113, 1123, 39 L. Ed. 2d 435 (1974).

Therefore, this Court does indeed have the authority to dissolve the Common Pleas Court's injunction. **AND NOW, THIS 6TH DAY OF MAY, 2015, IT IS HEREBY ORDERED THAT** the Lackawanna County Court of Common Pleas Rule to Show Cause, which is dated December 24, 2014 and was submitted to this Court as CM/ECF Docket number 3 is **DISSOLVED**.

Robert D. Mariani
United States District Judge